■ RAYMOND T. FINNAN, as Trustee for His Wife, GLORIA M. FINNAN, et al., Appellants, v WADDELL & REED, INC., Respondent.—Appeal from (1) an order of the Supreme Court at Special Term, entered January 5, 1978 in Rensselaer County, which granted a motion by the defendant for summary judgment dismissing the complaint, and (2) a judgment entered thereon. Plaintiffs seek recovery from the underwriter and investment advisor of the United Accumulative Fund (Fund), a management investment company commonly known as a mutual fund, for misleading them as to the ability of the defendant to execute a sell order issued by the plaintiffs which was to become effective when plaintiffs' holdings in the Fund achieved a specified sum. In 1966 plaintiffs invested approximately $25,000 in the Fund, with all dividends and profits being reinvested so as to increase plaintiffs' shares in the Fund. In 1969 the plaintiffs, anticipating extended travel, advised defendant's employee that the defendant should sell plaintiffs' Fund holdings when the redemption value reached $35,000. In furtherance of such direction, plaintiffs delivered all the Fund share certificates to the defendant, which put them in an open share account bearing plaintiffs' names. At that time the value of the plaintiffs' holdings in the Fund was $28,504. Plaintiffs' travels kept them out of the United States for most of the next six years. In 1975, however, plaintiffs requested from defendant an analysis

of the value of the Fund holdings. They were informed that the holdings had reached a value of $35,481.35 on December 11, 1973. Plaintiffs immediately requested that the defendant pay that sum together with all the legal interest from December 11, 1973 to the date of payment. Defendant refused, alleging that the instruction to sell the Fund shares when they reached $35,000 was illegal, invalid and of no binding force because such instruction violated the provisions of the Investment Advisers Act of 1940 (US Code, tit 15, § 80b-1 *et seq.*), the rules and regulations promulgated thereunder and the rules and regulations of the National Association of Security Dealers (N. A. S. D.). In addition, defendant alleged that in recalculating the value of the plaintiffs' holding, the highest value of plaintiffs' Fund holding between 1966 and 1975 was on July 11, 1973 when the plaintiffs had an actual total share value of $33,983.87. Plaintiffs have conceded that their interest in the Fund never reached the $35,000 figure. Plaintiffs commenced the instant lawsuit, alleging that had they known that the selling arrangement was invalid they would have made other arrangements to have the shares sold. They further allege that they have been damaged by defendant's erroneous advice. Although they allege several causes of action, in essence plaintiffs claim that the defendant was fraudulent and negligent in not advising that their arrangement to sell was in violation of the Investment Company Act of 1940. Defendant sought and received permission to withdraw the affirmative defense of invalidity of the agreement because of the violation of the Investment Company Act of 1940 on the ground that it did not so violate that law. Plaintiffs assert that because defendant raised the invalidity of the arrangement in its verified answer to the original complaint, the defendant concedes that the redemption agreement was void. They further assert that the defendant is equitably estopped from denying the alleged misrepresentation. Because it is conceded that the Fund never reached the $35,000 level, the question now before this court is whether the redemption agreement was void or illegal. We conclude, as did Special Term, that it was not. The Investment Advisers Act of 1940, the last in a series of acts designed to eliminate abuses in the securities industry, was preceded by the Securities Act of 1933, the Securities Exchange Act of 1934, the Public Utility Holding Company Act of 1935, the Trust Indenture Act of 1939 and the Investment Company Act of 1940. A fundamental purpose, common to the statutes, was to substitute a philosophy of full disclosure for a philosophy of *caveat emptor* in order to achieve a high standard of ethics in the securities industry *(Securities & Exch. Comm. v Capital Gains Bur.,* 375 US 180). The Securities and Exchange Commission (S. E. C.) promulgated certain rules and regulations pursuant to the authority granted by those enactments. One such rule was the so-called forward-pricing rule (rule 22c-1; 17 CFR 270.22c-1). It provided, in pertinent part: "(a) No registered investment company issuing any redeemable security, no person designated in such issuer's *prospectus as authorized to consummate transactions in any such security,* and no principal underwriter of, or dealer in, any such security shall sell, redeem or repurchase any such security except at a price based on the current net asset value of such security which is next computed *after* receipt of a tender of such security for redemption or of an order to purchase or sell such security. (b) For the purposes of this section, the current net asset value of any such security shall be that computed on each day during which the New York Stock Exchange is open for trading, not less frequently than once daily as of the time of the close of trading on such Exchange." (Emphasis added.) Valuation of net asset value for Fund is conducted only once each day at the close of business. A fundholder can

determine the current net asset value of his shares on any given day by checking the listed quotations and can tender his shares for redemption at any time regardless of whether the decision to sell was based upon a predetermined investment goal. A broker-dealer redeeming these securities at a price based upon the current net asset value *after* the security holder tenders the shares for redemption complies with rule 22c-1. The record contains an opinion letter of the S. E. C. staff which indicates that a mutual fund may agree to honor standing instructions by shareholders to redeem their securities as long as the redemption order is executed at net asset value. Since rule 22c-1 does not prohibit the redemption arrangement entered into by the plaintiffs and since the Fund never reached $35,000, plaintiffs have failed to state a cause of action. Order and judgment affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.